**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID JONATHAN THOMAS, | No. 19-16283 |
| Plaintiff-Appellee, | D.C. No. 3:13-cv-00508-RCJ-CBC |
| v. | |
| ISIDRO BACA, Warden; et. al., | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Argued and Submitted October 8, 2020
Seattle, Washington

Before: GILMAN,** CALLAHAN, and CHRISTEN, Circuit Judges.

Officials associated with the Nevada Department of Corrections (NDOC)

and the Northern Nevada Correctional Center (NNCC) appeal the district court's

denial of their motion for summary judgment based on qualified immunity. David

Jonathan Thomas, an inmate at NNCC, filed suit under 42 U.S.C. § 1983, alleging

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

that the officials violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) by denying him a vegetarian-kosher diet. The district court held that genuine disputes of material fact precluded the grant of summary judgment in favor of the officials. We affirm.

The district court's denial of summary judgment on qualified-immunity grounds is reviewed de novo. *S.B. v. County of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017). In resolving questions of law, we ignore the officials' attempts to dispute the facts, accept Thomas's version of the facts as true, and draw all reasonable inferences in Thomas's favor. *See Plumhoff v. Rickard*, 572 U.S. 765, 768 (2014); *see also Scott v. Harris*, 550 U.S. 372, 377–78 (2007).

An analysis regarding qualified immunity involves two elements: (1) whether the officials' conduct violated a statutory or constitutional right, and (2) whether that right was clearly established at the time of the alleged violation. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The officials concede for the purpose of this interlocutory appeal that a genuine dispute of material fact exists regarding the first element. They therefore limit their argument on appeal to the contention that Thomas's First Amendment right to a vegetarian-kosher diet was not clearly established at the time of the officials' actions. Their argument is unavailing.

This court established long ago that inmates "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1988). More recently, we held that a Muslim inmate had a right under the First Amendment's Free Exercise Clause to a diet in line with his sincere religious beliefs even though the diet was uncommon to the mainstream mandates of his religion. *Shakur v. Schriro*, 514 F.3d 878, 882, 893 (9th Cir. 2008) (upholding a Muslim inmate's request to substitute a vegetarian halal diet with a meat-based kosher diet in order to prevent stomach upsets that interfered with the state of "purity and cleanliness" needed for Muslim prayer). These precedents are sufficiently similar to the case before us to put prison officials on notice that, when an inmate holds sincere religious beliefs and requests a diet rooted in those beliefs, refusing to accommodate that request violates the inmate's First Amendment rights unless the refusal is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89–91 (1987) (establishing a four-factor balancing test to determine whether officials' actions that adversely impact the Free Exercise Clause are justified by legitimate penological interests and are, therefore, valid).

The facts as viewed most favorably to Thomas show that his requests for a vegetarian-kosher diet were rooted in sincerely held religious beliefs. Each of Thomas's requests was accompanied both by an assertion that his religious beliefs

19-16283

commanded such a diet and by numerous citations to relevant scripture. The officials, moreover, have not asserted a legitimate penological interest that would justify the denial of Thomas's requests. Indeed, the officials have failed to put forth any argument related to the *Turner* factors. The present state of the record therefore supports the decision of the district court to deny summary judgment in favor of the officials.

Judgement **AFFIRMED** and case **REMANDED**.

19-16283